IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISCONSIN CARPENTERS PENSION FUND,
WISCONSIN CARPENTERS HEALTH FUND,
NORTHERN WISCONSIN REGIONAL COUNCIL
OF CARPENTERS VACATION FUND,
NORTHERN WISCONSIN CARPENTERS
APPRENTICESHIP & JOURNEYMAN TRAINING FUND,
LABOR MANAGEMENT COOPERATION TRUST
FUND, and BRIAN GENTRY,

NORTH CENTRAL STATES REGIONAL
COUNCIL OF CARPENTERS,

                                                                    OPINION AND ORDER

                     Plaintiffs,

                                                                   08-cv-91-bbc

     v.

TIMOTHY PAZDRA D/B/A DIAMOND
CONCRETE,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Wisconsin Carpenters Pension Fund, Wisconsin Carpenters Health Fund, Northern Wisconsin Regional Council of Carpenters Vacation Fund, Northern Wisconsin Carpenters Apprenticeship & Journeyman Training Fund, Labor Management Cooperation Trust Fund, Brian Gentry and North Central States Regional Council of Carpenters have

1

brought this suit to collect unpaid contributions, interest, liquidated damages and working dues under 42 U.S.C. §§ 1132(g)(2) and 1145 (the Employee Retirement Income Security Act). The case is before the court on plaintiffs' motion for summary judgment. Defendant Timothy Pazdra, d/b/a Diamond Concrete, opposes the motion, arguing that he was not liable for any of the contributions during the time in question.

I conclude that plaintiffs have shown that they are entitled to entry of summary judgment. Defendant agreed to make contributions for any employee to the plaintiff Funds when he signed a collective bargaining agreement with plaintiff North Central States Regional Council of Carpenters, which I will refer to as the Union, on June 1, 2006; plaintiff had an employee who performed work covered by the agreement; defendant paid the employee for 40 hours of work each week but never made the required contributions to the plaintiff Funds; defendant has no viable defense to the claim for contributions; therefore, plaintiffs are entitled to judgment in the amount of the delinquent contributions, liquidated damages and interest.

From the facts proposed by plaintiffs, I find that the following are both material and undisputed.

## UNDISPUTED FACTS

Plaintiffs Wisconsin Carpenters Pension Fund, Wisconsin Carpenters Health Fund,

Northern Wisconsin Regional Council of Carpenters Vacation Fund, Northern Wisconsin Carpenters Apprenticeship & Journeyman Training Fund, Labor Management Cooperation Trust Fund are multi-employer employee benefit plans; the North Central States Regional Council of Carpenters is a labor organization and plaintiff Brian Gentry is a trustee and fiduciary of the North Central States Regional Council of Carpenters Health Fund, f/k/a Wisconsin Carpenters Health Fund.  The plaintiff Funds collect contributions from employers and distribute the money for workers' pension and welfare benefits.  Working dues are collected from employers under the employer's collective bargaining agreements with the Union.

Defendant Timothy Pazdra is a Wisconsin resident operating a sole proprietorship known as Diamond Concrete that was engaged in business during the relevant time period. Defendant signed a collective bargaining agreement with the Union on June 1, 2006.  The agreement incorporated the trust agreements and amendments for defendant funds.

Defendant's collective bargaining agreement requires hourly contributions and working dues to be paid to plaintiff Union.  The contributions are to be made no later than the fifteenth day of the month following the month worked.  If contributions are late, the trustees of the plaintiff Funds assess liquidated damages and interest.  The trustees have set liquidated damages at 20% of the unpaid contributions and interest at a rate of 1 and 1/2% a month.  Under the terms of defendant's agreement, the plaintiff funds are entitled to

3

actual attorney fees and costs should legal action be necessary to collect amounts owed.

Although interest can compensate the plaintiff Funds for the time value of the money, the liquidated damages are intended to compensate plaintiffs for the uncertainty generated by delay or non-payment, the increased administrative costs resulting from collection efforts and the need to divert staff from other duties to process the collections, the increased administrative costs of the special procedures necessary to collect employer accounts, the difficulty of forecasting receipts and the potential loss of benefits if contributions are not made.  Delinquencies like defendant's are the cause of increased administrative costs for special procedures, including audits and audit reports.

Plaintiffs examined defendant's books and records on October 23, 2007.  Defendant was found to be delinquent in the total amount of $13,979.83 for the audited period of November 1, 2005 through July 31, 2007.  This amount was erroneous; it included the work month November 2005, which was a period not covered by defendant's collective bargaining agreement, which did not go into effect until June 1, 2006.  The correct amount owing to plaintiffs for the audited period through July 31, 2007 in delinquent contributions, liquidated damages and interest (including accrued interest) and working dues is $12,804.03.

Defendant's collective bargaining agreement requires contributions for all of defendant's employees, regardless whether they are members of the Union, so long as they

4

performed work that involves the "distribution, assembly, disassembly, application, and installation of any and all construction products and systems regardless of trade name or other craft claimed jurisdiction." Collective Bargaining Agreement, exh. C to Affid. of Gerald Yarie, dkt. # 13-2, at 3. Defendant is required to submit contributions for all covered work performed by his employees; Todd Pazdra was one of those employees (apparently the only one). Defendant's payroll records showed that Todd Pazdra was paid for 40 hours of work for each week that he worked. Defendant has not submitted any documents to show that Todd worked fewer hours or was paid for fewer hours. Although the general nature of the work Todd performed was work covered by the collective bargaining agreement, the exact amount is unknown because defendant's records do not permit the auditor to determine the number of hours that Todd devoted to any specific tasks.

## FACTS PROPOSED BY DEFENDANT

Defendant proposed the following facts, none of which is material to the resolution of the suit.

Todd Pazdra was a non-bargaining unit personnel paid a salary that was not dependent on the number of hours he actually worked. He was not hired from the union hall and he is not a union member. He did not expect to receive any benefits from the plaintiff Funds. Plaintiffs do not know what kind of work Todd performed.

Defendant did not "execute or opt to" an agreement to contribute to any of the Funds for Todd Pazdra.

Defendant was not contacted by fund personnel as plaintiff's policy dictates.

The timesheets show that defendant paid Todd for 40 hours a week but defendant used this procedure only for the purpose of determining withholding taxes.  In fact, Todd did not work 40 hours a week, although he was paid $880 a week on that basis.

Defendant spoke to plaintiff Union's business agent, Gerald Yarie, on December 12, 2007 and told him he would like to discuss this matter and speak to regional manager Mark Kramer.  On the same day, defendant sent an email to Benjamin Menzel, counsel for plaintiffs, saying that he had responded to Yarie.  Menzel emailed defendant to tell him that all amounts were due.  Defendant did not have an opportunity to speak with anyone from the Union other than Yarie and Menzel before this case was filed on February 11, 2008.

OPINION

From the undisputed facts, I find that defendant entered into a collective bargaining agreement with plaintiff Union, under which defendant agreed to make contributions to plaintiff Funds on behalf of any of his employees performing covered work, that defendant employed Todd Pazdra to do this kind of work from June 1, 2006 until November 2006 and therefore was required to make timely contributions to plaintiff Funds.  I find also that

6

defendant failed to make the contributions and that he now owes plaintiffs $12,804.03, plus additional interest and attorney fees and costs.

Unfortunately for defendant, even if I assume that all of the facts he has proposed are true, the outcome of the case remains the same. To start with the facts relating to Todd Pazdra, it is immaterial whether he was on a salary basis, whether he was not hired from the union hall and whether he was not a member of the Union. Defendant does not dispute that the work Todd did was work covered by defendant's agreement, that Todd was paid for 40 hours of work each week and that he worked from June 1, 2006 through November 5, 2006, a period covered by the collective bargaining agreement. Therefore, defendant owes contributions to defendants for Todd Pazdra, as well as liquidated damages and interest for the failure to make the contributions in a timely fashion.

Defendant proposes as a fact that he did not agree to contribute to any of defendant Funds for Todd Pazdra's work. It is not clear what he means by this. He does not deny having signed the collective bargaining agreement in which he agreed to make contributions for all employees performing tasks covered by the agreement. It may be that he thinks that treating Todd as a salaried employee took Todd outside the category of a covered employee. If so, he is mistaken. The agreement covered "all employees" performing the covered tasks.

It is true that defendant's books and records are too incomplete to allow an auditor to determine whether Todd performed covered tasks for the full 40 hours a week he was

7

paid. This does not mean, however, that plaintiffs cannot prevail. Defendant does not deny that at least some of the work was covered; if his bookkeeping does not make it clear that some of it was not covered, the only conclusion that may be drawn is that all of it was covered. Under the circumstances, the burden is on him to show that the work was outside the terms of the collective bargaining agreement. Laborers' Pension Fund v. A&C Environmental, Inc., 301 F.3d 768, 782-83 (7th Cir. 2002) (when employer fails to maintain records required by ERISA, burden shifts to employer to produce evidence of precise amount of covered work performed). Defendant has not cited any documentary evidence that would support a finding that Todd did not work 40 hours a week on covered employment.

Relying on an affidavit signed by Todd, in which Todd avers that he was paid a salary that was the equivalent of $22 an hour, defendant argues that he had no obligation to keep records for a salaried employee. Defendant cites no authority for his assertion; the fact remains that Todd was a covered employee however he was paid. Therefore, defendant had an obligation to keep records for his employee that complied with ERISA. Defendant's decision to pay Todd on a salary basis did not extinguish defendant's liability for contributions to defendants.

Both Todd Pazdra and defendant have set out in writing their reason for acting as they did, which is that the economy was bad and they were forced to do almost any kind of

8

work in order to earn money, that much of the time neither man had any work and that the salary that defendant paid Todd was necessary to allow Todd to keep his house. Obviously, these were tough times for both men. As difficult as they were, however, they do not relieve defendant of his contractual obligation to make contributions to the defendant Funds.

Defendant suggests that the plaintiffs' failure to meet with him and to follow the steps set out in §§ 4 & 8 of plaintiffs' Policy Regarding Employer Accounts are reasons to relieve him of his contractual obligation for the contributions, but I can find nothing in that policy that would support his suggestion. The policy does state that the administrative manger of the plaintiff Funds will prepare a monthly delinquency list, write to those employers are have not submitted contributions and send a second letter and make telephone calls to those employers that do not respond to the first letter, but there is no indication in the policy that the Funds' failure to take any of these steps relieves any delinquent employer of its obligation to cure its delinquency. In fact, the policy states explicitly in § 8B that "[p]rocedures adopted and utilized by the Trustees [of the Funds] shall not affect the Union's rights and responsibilities to enforce their contracts." Policy Regarding Employer Accounts, Exh. A to Passineau Affid., dkt. #30-6, at 10.

Defendant has failed to put into dispute any of the facts proposed by plaintiffs. Plaintiffs have shown that they are entitled to judgment as a matter of law. Accordingly, their motion for summary judgment will be granted.

ORDER

IT IS ORDERED that the motion for summary judgment filed by plaintiffs Wisconsin Carpenters Pension Fund, Wisconsin Carpenters Health Fund, Northern Wisconsin Regional Council of Carpenters Vacation Fund, Northern Wisconsin Carpenters Apprenticeship & Journeyman Training Fund, Labor Management Cooperation Trust Fund, Brian Gentry and North Central States Regional Council of Carpenters is GRANTED. Plaintiffs may have until October 14, 2007, in which to submit an updated statement of interest due plus attorney fees and costs. Defendant may have until October 28, 2008, in which to object to plaintiffs' calculation.

Entered this 23rd day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10